# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Marco S.,

No. 26-cv-00663-SRB-DLM

    Petitioner,

**ORDER**

v.

Kristi Noem, *et al.*,

    Respondents.

Before the Court is Petitioner Marco S.'s ("Petitioner") Petition for a Writ of Habeas Corpus. (Doc. #1.) For the reasons below, the Court GRANTS the habeas petition.

## Background

Petitioner is a citizen of Ecuador. He was detained upon entering the United States on or around August 17, 2023. He was released on or around August 21, 2023, and issued a Notice to Appear at Ft. Snelling, Minnesota Immigration Court. Petitioner has allegedly complied with all Department of Homeland Security ("DHS") requirements since his release, including appearing for biometrics and check-ins. He also has a pending application for asylum. Petitioner was re-detained on January 26, 2026, without a warrant, while appearing for his check-in. Respondents' position is that Petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(1)(B)(ii).

## Analysis

A court may issue a writ of habeas corpus if a person "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). And district courts have authority to grant writs of habeas corpus "within their respective jurisdictions." 28 U.S.C. § 2241(a). That power "includes jurisdiction to hear habeas challenges to immigration-related detention." *Jose J.O.E. v. Bondi*, 797 F. Supp. 3d 957, 965 (D. Minn. 2025). "The burden is on the petitioner to prove illegal detention by a preponderance of the evidence." *Id.*

The Court finds that Petitioner is not subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(1)(B)(ii). *See Qasemi v. Francis*, 2025 WL 3654098, at *9 (S.D.N.Y. Dec. 17, 2025) (holding that a noncitizen was not subject to mandatory detention under § 1225(b)(1)(B)(ii) because the statute is "most sensibly read to exclude from the expedited removal provisions in Section 1225(b)(1) those noncitizens who were . . . at any time paroled into the United States, or who resided in the United States for over two years."); *see also Abdirashid H.M. v. Noem*, 2026 WL 127698, at *3 (D. Minn. Jan. 9, 2026) (finding that mandatory detention is not authorized for noncitizens subject to 1225(b)(1) "once they have been paroled into the country and released.").

This Court also finds that because Petitioner is not "seeking admission," as set forth in § 1225(b)(2), that provision—which mandates detention—does not apply to him. *See, e.g.*, *Belsai D.S. v. Bondi*, No. 25-cv-03682 (KMM/EMB), 2025 WL 2802947 (D. Minn. Oct. 1, 2025). The same legal conclusion has been adopted by countless district courts around the country in similar cases, by the only Court of Appeals to have addressed the issue, and by many courts in this district. The fact that Petitioner has applied for asylum does not change the Court's conclusion that detention is not supported under § 1225(b)(2). As U.S. District Judge Eric Tostrud recently noted in *Ahmed M. v. Bondi et. Al*, No. 25-cv-4711 (ECT/SGE), 2026 WL 25627, at *2 (D. Minn. Jan. 5, 2026), "several courts have determined that asylum applications filed in like circumstances do not change the outcome." *Id.* (collecting cases). The reasoning in Judge Tostrud's opinion, and those of the cases he references is sound, and the Court declines to find that Petitioner is subject to § 1225(b)(2) due to his pending asylum application.

The Court further concludes that immediate release is the appropriate remedy. "Section 1226 provides that '*[o]n a warrant issued by the Attorney General*, an alien may be arrested and detained.'" *Ahmed M. v. Bondi et al.*, 25-CV-4711 (ECT/SGE), 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026). The issuance of a warrant is a necessary prerequisite to even discretionary detention under § 1226(a). *Id.* In *Ahmed M.*, the petitioner had been rearrested with no warrant and no allegation of a violation of the conditions of his previous release. Therefore, the appropriate remedy in *Ahmed M.* was immediate release rather than

a detention hearing. *See also Juan S.R. v. Bondi*, 26-cv-05 (PJS/LIB) (Order (Dkt. 8), Jan. 12, 2026) (same). Similarly, Petitioner here was rearrested with no warrant and no allegation of a violation of the conditions of his previous release. (Doc. #1, p. 2.)

## ORDER

Based on the above, and on the full record before the Court, **IT IS HEREBY ORDERED THAT:**

1. Petitioner's Petition for a Writ of Habeas Corpus (Doc. #1) is **GRANTED**.

2. The Court **DECLARES** that Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(1) or § 1225(b)(2) and **ENJOINS** Respondents from denying release or other relief on the basis that he is subject to such mandatory detention.

3. The Court has been informed that Petitioner was transferred out of the District of Minnesota. Respondents are first ordered to **TRANSFER** Petitioner to Minnesota. Once Petitioner returns to Minnesota, the Court **ORDERS** Respondents to immediately release Petitioner.

4. Finally, the Court **ORDERS** Respondents to notify the Court and opposing counsel within 24 hours of Petitioner's release, confirming that the release has occurred. If Petitioner has not been returned as ordered, Respondents should immediately notify the Court of when he will be returned and released.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: <u>January 29, 2026</u>                    <u>s/Stephen R. Bough</u>
                                                Stephen R. Bough
                                                United States District Judge